Joseph Lopes ⎫
vs. ⎬ W. C. A. No. 834
B. B. & R. Knight, Inc. ⎭

April 24, 1928.

TANNER, P. J. This is a petition under the Workmen's Compensation Act for a review of compensation and is heard upon motion of the respondent to strike out the petition.

It appears by the petition that an agreement was made between the parties and approved by the commissioner upon the 13th day of April, 1927, which agreement provided for the payment of compensation from December 17, 1926, to April 2, 1927; that the petitioner returned to work on or about the 4th day of April, 1927, and continued to work until about the 16th day of December, 1927, at which time the respondent discontinued its mill where the petitioner worked, and the petitioner has been unable to secure employment because of a permanent disability to his hand, resulting from the injury which was the subject of the agreement already mentioned.

1t seems to us from the statements of the petitioner that the period for which compensation was to be paid in said agreement was definitely fixed and expired some time before the filing of the petition for review. Presumably the compensation for the time fixed has long since been paid. It presents the case, therefore, of a petition to modify an agreement which has been fully executed.

Sec. 14, Article 3, Chap. 831 of the Public Laws, as amended by Chap. 2095 Public Laws of 1921, provides that at any time before the expiration of two years from the date of the approval of an agreement, or the entry of a decree fixing compensation, but not afterwards, *"and before the expiration of the period for which compensation has been fixed by such agreement or decree, but not afterwards,"* an application for a review can be made.

It therefore seems to us that the Court has no authority under the statute to review such a fully executed agreement where the period for which compensation was fixed in the agreement has expired.

The petitioner cited two Maine cases

where the Court held that agreements which were indefinite as to period of compensation might be reviewed. These cases do not seem to us to apply to a case like the present, where within the words of the statute there has been a fully executed agreement for compensation and the period for compensation has long since expired.

The motion is therefore granted.

For petitioner: LeRoy G. Pilling.

For respondent: Quinn, Kiernan & Quinn.